UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>RYDON CLYDE TETON,<br><br>  Defendant. | Case No. 4:24-cv-00376-DCN<br>4:18-cr-00236-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Rydon Clyde Teton's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Petition"). Dkt. 1; CR-236, Dkt. 124.[1] The Government opposes Teton's Petition. Dkt. 12. Teton also filed a Motion to Appoint Counsel. Dkt. 3.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES Teton's motions.

## II. BACKGROUND

On July 24, 2018, a federal grand jury indicted Teton on one charge of Second-

---

[1] In this Order, "CR-236" is used when citing to the criminal record in Case No. 4:18-cr-000236-DCN-1; all other references are to the instant civil case.

Degree Murder, in violation of 18 U.S.C. §§ 111 and 1153, and one charge of Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1(A). CR-236, Dkt. 1.

Teton struggles with various mental health challenges. Considering this, the Court ordered two competency evaluations during the pendency of his criminal case. CR-236, Dkts. 24, 38. After each evaluation, the Court found Teton competent to stand trial. CR-236, Dkts. 30, 54. Teton's mental health is important in understanding his Petition and the Court's conclusions today.

Following various substitutions of counsel, Teton entered into a plea agreement on August 8, 2023. CR-236, Dkt. 67. Teton pled guilty to Voluntary Manslaughter and the § 924(c) firearm charge. CR-236, Dkt. 67. The court sentenced Teton to 133 months and 9 days of incarceration on Count One (voluntary manslaughter) and 120 months of incarceration on Count Two (firearm) to run consecutive for a total term of 253 months and 9 days of incarceration. CR-236, Dkt. 96.

Teton did not file a direct appeal of his conviction or sentence.

On August 19, 2024, Teton timely filed his Petition. Dkt. 1. Therein, Teton alleges claims of ineffective assistance of counsel again his former Court-appointed attorney—M. Anthony Sasser—and additional trial court errors, including claims regarding speedy trial violations, pretrial detention length, denial of a § 5K1.1 departure, and alleged misconduct involving the U.S. Marshals. *See generally id*.

### III. LEGAL STANDARD

28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief

MEMORANDUM DECISION AND ORDER - 2

to a prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). In a § 2255 motion, conclusory statements are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not

MEMORANDUM DECISION AND ORDER - 3

warrant habeas relief.").

## IV. ANALYSIS

As noted, Teton brings a litany of claims against his former attorney as well as various challenges against the Court. Each will be addressed in turn.

**A. Trial Counsel Errors[2]**

As the United States Supreme Court has noted, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).[3]

In order to successfully claim ineffective assistance of counsel, Teton must satisfy the two-part *Strickland* test. Teton must show that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000) (citing *Strickland*, 466 U.S. at 687).

To satisfy the first prong related to deficiency of counsel, "a defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 363 (*See also*, *Strickland*, 466 U.S. at 688). Petitioners must show "gross incompetence" on the part of their attorneys. *Kimmelman v. Morrison*, 477 U.S. 365, 366–67 (1986). There is a

---

[2] In addition to Sasser, Teton has levied some allegations against his former attorney, Alan Johnston. Mr. Johnston was not involved in Teton's plea negotiations or sentencing. As a result, the Government did not solicit any input from Mr. Johnston in response to Teton's Petition, nor do they argue on his behalf here. The Court has independently reviewed Teton's allegations against Johnston and finds none have merit.

[3] In applying that presumption, a court must make an effort "to eliminate the distorting effects of hindsight" and instead "to reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

MEMORANDUM DECISION AND ORDER - 4

strong presumption that legal counsel's conduct falls within the range of sound trial strategy. *Strickland*, 466 U.S. at 669.

To satisfy the second prong, the petitioner must be prejudiced by their counsel's errors. A petitioner must show "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman*, 477 U.S. at 375.

Teton alleges five instances of ineffective assistance of counsel. These include: (1) failure to pursue a § 5K1.1 motion; (2) failure to present or call a mitigation expert at sentencing; (3) failure to investigate or challenge perjury by witnesses; (4) failure to challenge U.S. Marshal involvement and "demonology practices"; and (5) failure to effectively negotiate plea negotiations. The Court will analyze each allegation below.

1. *Failure to Pursue a § 5K1.1 Motion.*

Teton first alleges Sasser was ineffective for failing to file a motion for downward departure under U.S.S.G. § 5K1.1. The record reflects that Sasser discussed this issue with Teton and determined there was no basis for the motion. Teton did not provide substantial assistance to the government and no offer of such a motion by the Government was extended to Teton. Dkt. 12-1, at 2. Sasser's decision not to pursue a meritless motion does not constitute deficient performance. *See United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 991). Accordingly, this claim fails both prongs of the *Strickland* test.

2. *Failure to Present or Call a Mitigation Expert at Sentencing.*

Teton next argues Sasser was ineffective for failing to have a mitigation expert testify at sentencing. The record indicates that a mitigation report prepared by Megan

MEMORANDUM DECISION AND ORDER - 5

Leshak was included in the case file and available at sentencing. *Id*. at 3. Strategic decisions regarding whether to present live testimony versus submitting written reports fall squarely within the wide range of reasonable professional judgment. There is no evidence that the outcome would have been different had the expert testified. As a result, this claim also fails.

3. <u>*Failure to Investigate or Challenge Perjury by Witnesses.*</u>

Teton asserts that Sasser failed to investigate or challenge what he viewed as perjury by certain witnesses and co-defendants. However, the record shows that none of the witnesses in question testified. Furthermore, Sasser represents that he reviewed these individuals' interviews and determined they could not corroborate Teton's versions of events and would be *unhelpful* if called. *Id*. at 2. And because none of these individuals testified, there can be no perjury. Teton presents no evidence to show how Sasser's tactical decisions about witnesses constituted ineffective assistance or caused prejudice. This claim is conclusory and unsupported.

4. <u>*Failure to Challenge U.S. Marshal Involvement and "Demonology Practices."*</u>

Next, Teton alleges ineffective assistance based on Sasser's failure to investigate the U.S. Marshals and so-called "demonology practices." Sasser and the Government both state they have no knowledge of such matters or, frankly, what Teton is even referring to. Dkt. 12, at 6; Dkt. 12-1, at 2–3. The Court is in the same boat. These claims are vague, unsupported by evidence, and patently frivolous. It is difficult to ascertain what Teton is referring to and how that implicates any failure on Sasser's part. Courts may summarily dismiss claims that are "palpably incredible or patently frivolous." *United States v.*

MEMORANDUM DECISION AND ORDER - 6

*Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000). This claim does not warrant further analysis and is dismissed.

    5. *Ineffective Assistance of Plea Negotiations.*

Finally, Teton states Sasser was ineffective in plea negotiations. The Court is not privy to plea negotiations, but Sasser was able to secure a favorable deal for Teton by obtaining a plea to voluntary manslaughter—a significantly reduced charge from the initial indictment for second-degree murder. Teton signed the plea agreement (Dkt. 67, at 13) and represented at the change of plea hearing that he was knowingly and voluntarily agreeing to its terms (Dkt. 79). In sum, there is no basis to find counsel's performance was deficient or that it prejudiced Teton's outcome.

  **B. Trial Court Errors**

Teton also levies a myriad of allegations against the Court regarding the overall criminal process. Most of these arguments are relegated to a single line without any analysis or argument. The Court will address a few of Teton's arguments it deems relevant.

To begin, however, the Court notes because Teton did not raise any of these issues via direct appeal, they are procedurally defaulted. *See, e.g., United States v. Frady*, 456 U.S. 154, 162, 164 (1982); *United States v. Johnson*, 988 F.2d 941 (9th Cir. 1993). This aside, Teton's arguments fail on the merits as well.

First, Teton makes numerous passing references to his mental health. He claims a downward departure should have been applied at sentencing based upon his severe mental health issues and the victimization he endured as a child. Sasser argued for such a departure at sentencing and as part of his pre-sentence filings. The Court did not apply a downward

MEMORANDUM DECISION AND ORDER - 7

departure for Teton's mental health or childhood, but it also did not, for that very reason, apply a four-level increase as requested by the Government.[4] In other words, Teton did receive a benefit at sentencing due to his mental health and childhood trauma. This argument is meritless.

Teton also alleges that his case moved much slower than he would have liked and/or that the Court violated his speedy trial rights. As noted, Teton was committed to the Bureau of Prisons on two occasions for mental health evaluations and rehabilitation. That process took time. Teton also had multiple attorneys represent him in his criminal case.[5] Those changes lengthened the case. Other delays (including some sought by Teton) were simply part and parcel to the process. In sum, the Court has reviewed the record and finds Teton's speedy trial rights were not violated in this case. This argument is meritless.

Finally, Teton alleges consecutive sentences are invalid. This is not true. What's more, the sentence for the 924(c) charge of Use of a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A) is *required* to run consecutively to any other sentence. 18 U.SC. § 924(c)(1)(D)(ii); U.S.S.G. § 5G1.2. This argument is meritless.

**C. Motion to Appoint Counsel.**

Finally, Teton also filed a Motion to Appoint Counsel. Dkt. 3. A federal habeas petitioner has "no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition." *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *see also*

---

[4] Neither party ordered the transcript from the sentencing hearing in this case. However, the Court has reviewed the same and has accurately represented the discussion between the Court and Counsel that day.

[5] Each of those attorneys withdrew due to a conflict (*see* Dkt. 14) or at Teton's request (*see* Dkt. 56).

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). The Court has considerable discretion in deciding whether to appoint counsel in § 2255 proceedings and *may* furnish counsel when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

In requesting counsel, Teton emphasized "he really needs to consult counsel. . . ." Dkt. 3, at 5. The Court appreciates that Teton is not an attorney, and that it is difficult to navigate the legal system. But that is not unique to Teton. Nor does his situation, standing alone, constitute an extraordinary circumstance warranting the appointment of an attorney. *See Stanger v. Way*, 2022 WL 137962, at *1 (D. Idaho Jan. 13, 2022) ("While the Court appreciates [the plaintiff's] struggles to understand the legal system, such struggles are not exceptional circumstances that require a lawyer."). The court has reviewed all of Teton's filings and, in its discretion, finds the appointment of counsel is not required to further the interests of justice. Consistent with Supreme Court precedent, 28 U.S.C § 2255, and 18 U.S.C. § 3006A, the Court finds the appointment of counsel is not appropriate in this case.

Therefore, Teton's Motion to Appoint Counsel (Dkt. 3) is DENIED.

## V. CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order on a § 2255 motion unless the district court or court of appeals issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1) (providing that appeal cannot proceed unless "circuit justice or judge issues a certificate of appealability"); *U.S. v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (interpreting "circuit

justice or judge" to include district judges). The court should issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to show that "a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To promote efficiency, the district court is required to issue or deny a COA in the same order denying the defendant's § 2255 motion. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. If the district court denies the COA, the court should state the reason for its decision. *Aznar*, 116 F.3d at 1270. The defendant cannot appeal the denial of the COA but can file a notice of appeal and request a COA from the court of appeals pursuant to Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. Upon so doing, the district court forwards to the court of appeals the defendant's case file, final order, and notice of appeal. *See Asrar*, 116 F.3d at 1270.

In this case, the Court denies the COA. As explained in the preceding sections, Teton is procedurally barred from raising claims (against the Court), or his claims lack merit (against Sasser). No reasonable jurist would disagree with this assessment. Therefore, should Teton wish to appeal, he must timely file a notice of appeal with this Court and request a COA from the Ninth Circuit.

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to vacate or remand Teton's conviction or sentence. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the Petition is DENIED.

## VII. ORDER

**IT IS HEREBY ORDERED:**

1. Teton's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt.1); CR–236 (Dkt. 124) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

2. Teton's Motion to Appoint Counsel (Dkt. 3) is **DENIED**.

3. The Court finds there is no need for an evidentiary hearing.

4. No certificate of appealability shall issue. Teton is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

5. If Teton files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: April 14, 2025

_____
David C. Nye
Chief U.S. District Court Judge