UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RYDON CLYDE TETON,<br><br>　　　　　Petitioner,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No. 4:24-cv-00376-DCN<br><br>**MEMORANDUM DECISION AND ORDER TO SHOW CAUSE** |

# I. INTRODUCTION

Before the Court are several Motions, all filed by Defendant Rydon Clyde Teton: Motion for Injunction (Dkt. 21), Motion to Appoint Counsel (Dkt. 25), Motion for Expungement of Criminal Record (Dkt. 28), Motion for Summary Judgment (Dkt. 29), Motion for Bidding Procedures Order (Dkt. 30), Motion to Refer to Bankruptcy (Dkt. 31), Motion for Summary Judgment (Dkt. 32), Motion for a Warrant (Dkt. 33), and Motion for Summary Judgment (Dkt. 34). In addition, Teton has filed several letters to the Court. Dkts. 18; 19; 20; 22; 23; 24; 26; 27; 30. The Court DENIES the Motions as frivolous and ORDERS Petitioner Rydon Clyde Teton to SHOW CAUSE why he should not be declared a vexatious litigant.

# II. BACKGROUND

Petitioner Rydon Teton pleaded guilty to voluntary manslaughter and use of a

firearm during a crime of violence on August 24, 2023, and was sentenced to serve a term of 133 months in the custody of the Bureau of Prisons. Teton then filed this action, seeking to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1. The Court denied that Motion on April 14, 2025. Teton filed a Notice of Appeal with the United States Court of Appeals for the Ninth Circuit, Dkt. 16, which was summarily dismissed on October 24, 2025, Dkt. 35.

In the five months between Teton's Notice of Appeal and the Ninth Circuit's dismissal order, Teton filed 17 documents in this case. Of those, 13 documents were simultaneously filed in Teton's criminal case. The dual-filed motions which the Court considered in *United States v. Teton*, Case No. 4:18-cr-00236-DCN, are listed below.

FIG. 1: CRIMINAL AND CIVIL CASE FILINGS CROSS REFERENCE

| Case No. 4:24-cv-00376-DCN (this case) | Case No. 4:18-cr-00236-DCN |
|---|---|
| Dkt. 21 | Dkt. 149 |
| Dkt. 22 | Dkt. 150 |
| Dkt. 23 | Dkt. 151 |
| Dkt. 24 | Dkt. 152 |
| Dkt. 27 | Dkt. 154 |
| Dkt. 28 | Dkt. 155 |
| Dkt. 29 | Dkt. 156 |
| Dkt. 30 | Dkt. 157-2 |
| Dkt. 31 | Dkt. 158 |
| Dkt. 32 | Dkt. 159 |
| Dkt. 33 | Dkt. 160 |

On September 19, 2025, the Court considered Teton's filings in his criminal case (including several of the documents which were filed in both cases) and concluded they were all frivolous. *See generally United States v. Teton* Dkt. 161. But the Court has yet to address any of Teton's motions here.

### III. LEGAL STANDARD

#### A. Frivolousness

A motion or similar filing is frivolous if it is "both baseless and made without reasonable and competent inquiry," or "groundless . . . with little prospect of success . . . ." *Chevron U.S.A., Inc. v. M&M Petroleum Servs., Inc.*, 658 F.3d 948, 952 (9th Cir. 2011) (cleaned up). A district court has the discretion to impose sanctions under Rule 11 and under "its inherent authority to curb abusive litigation practices." *DeDios v. Int'l Realty Invs.*, 641 F.3d 1071, 1076 (9th Cir. 2011) (cleaned up). However, courts should "construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying [ ] rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

#### B. Abusive Litigant Designation

Federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under ... appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quotation marks omitted). Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy [litigation] histories is one such ... restriction" that courts may impose. *Id.* But the Ninth Circuit has cautioned: "Restricting access to the courts is, however, a serious matter. The right of access to the courts is a fundamental right protected by the Constitution." *Ringgold-Lockhart v. Cnty. of*

*Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quotations omitted). Use of pre-filing orders could infringe this important right. *Id.* at 1062. Thus, when district courts seek to impose pre-filing restrictions, they must (1) give litigants notice and an opportunity to oppose the order before it is entered (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered. *Id.* (quotations omitted).

The Ninth Circuit considers five substantive factors to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate:" (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed un unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the court and other parties." *Id.*

### IV. DISCUSSION

The Court today reaffirms that the above-listed filings are frivolous and incorporates its analysis in Case No. 4:18-cr-00236-DCN, Dkt. 161 by reference. Accordingly, Teton's Motions at Dkts. 21; 28; 29; 31; 32; and 33 are DENIED. To the

MEMORANDUM DECISION AND ORDER TO SHOW CAUSE - 4

extent that Dkts. 22; 23; 24; 27; and 30 seek relief, they are likewise DENIED AS FRIVOLOUS.

After dispensing with the motions and papers the Court has already considered, two motions (Dkts. 25 and 24) and four letters (Dkts. 18–20; 26) remain unaddressed. The Court will consider each in turn.

### A. June 2 Letter

On June 2, 2025, Teton filed Dkt. 18. The document is four pages long and structured in the form of two two-page letters dated May 13 and May 20, 2025. The June 2 letter discusses Teton's tensions with the other inmates and difficulty accessing the law library. Regarding these concerns, the Court cannot order the relief Teton seeks. He must raise his grievances with the Bureau of Prisons. Thus, the first two requests are groundless and not reasonably calculated to succeed.

Teton also alleges that certain individuals lied to officers, and the prosecutors and the Court used those lies against him. These allegations are frivolous for two reasons. First, Teton's § 2255 motion (which raised the same perjury argument) had already been dismissed with prejudice at the time of the June 2 letter. Dkt. 14. If the Court erred in dismissing Teton's perjury argument, his only option was to ask the Court of Appeals to reverse this Court's judgment.

Second, Teton failed to show the bare minimum required to undo a conviction based on false statements. Since the Supreme Court decided *Napue v. Illinois*, a convicted defendant is entitled to a new trial if the prosecution knowingly uses false testimony, allows the false testimony to go uncorrected, and the false testimony in any reasonable likelihood

could have affected the judgment of the jury. *Glossip v. Oklahoma*, 604 U.S. 226, 246 (2025). Teton does not identify which statements were untrue. He does not suggest that the prosecutors or Court knew the unspecified statements were false. The statements were not testimony. And Teton pleaded guilty, so there is no reasonable likelihood that correcting the statements would have impacted Teton's conviction. Teton's false-statements allegations are, therefore, frivolous. To the extent the June 2 letter seeks relief, the relief is DENIED.

### B. June 9 Letter

Teton filed another letter on June 9. Dkt. 19. Like the June 2 letter, the June 9 letter is structured as a letter rather than a motion. The letter details Teton's thoughts about race relations in America. The letter seeks no relief and is not related to Teton's § 2255 motion at all. The letter is, therefore, found to be a frivolous filing.

### C. July 25 Response

Teton next filed a document comprising two parts. The first part provides briefing-style descriptions of the legal standards for granting an evidentiary hearing under § 2255 and for relief under *Strickland*. Dkt. 20, at 1-4. The second part, structured as a letter, describes Teton's conflict with BOP staff. *Id.* at 5–6. Taking the latter first, the Court cannot grant Teton relief based on his conflicts with BOP staff; he must file administrative complaints. Fortunately, Teton's letter indicates he has done so.

Turning to the first part of Teton's July 25 Response, the Court once again finds Teton's filing frivolous for two reasons. First, the Court had already dismissed Teton's § 2255 petition and Court of Appeals proceedings were still pending. Teton was therefore

required to explain to the Court of Appeals—not this Court—why the Court's judgment was wrong. Even if the Court construed the first part as a motion for reconsideration or relief from judgment, the motion would be denied because the filing provides a legal standard alone without any analysis.[1] Accordingly, the Court finds the July 25 Response frivolous as well.

### D. Motion to Appoint Counsel

Next, Teton moved to appoint counsel. Dkt. 25. In this motion, Teton seeks an order appointing him post-conviction relief counsel. ""[T]here is no federal constitutional right to habeas counsel. *Redd v. Guerrero*, 84 F.4th 874, 880 (9th Cir. 2023). The Court has discretion in appointing counsel to non-capital § 2255 petitioners. 28 U.S.C. § 2255(g). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). While Teton struggles with articulating himself at times, his alleged grounds for relief are clear. As those grounds are frivolous, Teton is unlikely to succeed on the merits. *See* Dkt. 14; Case No. 4:18-cr-00236-DCN, Dkt. 161.

---

[1] It appears that Teton may have attempted to file a response to the Court's order denying his § 2255 motion piecemeal. In that case, the July 25 Response discusses the legal standard and Dkt. 23 discusses how Teton's counsel was ineffective. The Court is aware of no authority for accepting incomplete filings. Teton should have held on to his earlier-drafted sections until the motion was complete and then filed it in one document. Even if the Court were to consider the filings as a whole, however, the Court would still find them frivolous because they argue that counsel was ineffective for failing to take certain actions (like cross examining witnesses or seeking a 5k1.1 reduction) which would not apply in Teton's criminal case (because he pleaded guilty to a crime which does not involve any of the usual bases for providing substantial assistance). *See* Dkt. 23.

Teton argues that his case is similar to *Stokes v. Roe*, 18 F. App'x 478 (9th Cir. 2001). There, the Ninth Circuit found that the district court abused its discretion in denying a prisoner post-conviction relief counsel where the record indicated that the petitioner suffered from schizophrenia and raised nonfrivolous claims. *Id.* Without addressing Teton's mental state, the Court distinguishes *Stokes* because Teton has not identified any non-frivolous claims for post-conviction relief. *See* Dkt. 14; Case No. 4:18-cr-00236-DCN, Dkt. 161.

Accordingly, the Motion is DENIED.[2]

### E. August 15 Brief

Shortly after moving for appointment of counsel, Teton filed another brief. Dkt. 26. This brief, like many of Teton's other pleadings, comprises a series of block quotes from judicial opinions without a clear bearing on this case or any evident analysis. The August 15 brief does not seek relief, but neither does it present any useful analysis supporting any of Teton's other claims for relief; in essence, Teton filed his research notes with the Court.

### F. September 23 Motion for Summary Judgment

Finally, on September 23, Teton moved for summary judgment. Dkt. 34. The motion argues that Teton is entitled to summary judgment based on an affirmative statute of limitations defense, and argues that his constitutional rights are being violated in the custody of the Bureau of Prisons at the hands of "syndicate organizations." The Motion

---

[2] Unlike his other filings, however, this Motion is not frivolous. Teton correctly cited *Weygndt v. Look* as the leading case on appointment of non-captial post-conviction relief counsel and *Stokes* presented a plausible—if ultimately distinguishable—grounds for granting here.

MEMORANDUM DECISION AND ORDER TO SHOW CAUSE - 8

includes no discernable factual basis for any of its claims and consists entirely of conclusory allegations of constitutional violations and statements of legal standards. The Court, therefore, finds the Motion frivolous and it is DENIED.

### G. Order to Show Cause

With the exception of the Motion to Appoint counsel, all of Teton's filings are frivolous. Considering the five *Ringgold-Lockhart* factors (the litigant's history of litigation, motive in pursing the litigation, pro se status, infliction of needless expense to other parties or imposition of an unnecessary burden on the courts, and the adequacy of alternatives), the Court finds that a prefiling order may be warranted. ." *Ringgold-Lockhart*, 761 F.3d at 1062. (A prefiling order restricts a party's ability to file documents in their case unless the party meets certain conditions first.) The Court, therefore, ORDERS Petitioner Rydon Teton to SHOW CAUSE within 30 days why he should not be declared a vexatious litigant subject to prefiling restrictions.

## V. CONCLUSION

Teton's filings impose an immense burden on the Court's already packed docket. If they presented genuine claims for relief or legal arguments, the Court would be happy to bear that burden. But Teton's filings do not present genuine claims or legal arguments.

## VI. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Petitioner Rydon Teton's outstanding motions (Dkts. 21; 25; 28; 29; 31; 32; 33; and 34) are DENIED.

2. Petitioner Rydon Teton is ORDERED TO SHOW CAUSE within 30 days why he should not be declared a vexatious litigant subject to a prefiling order. Failure to respond may result in the Court imposing a prefiling order without further notice.

DATED: February 4, 2026

_____
David C. Nye
U.S. District Court Judge